# EXHIBIT A

# usbank.

## Dealer Setup Form - AUTO
Please print or type all information on form
Form must be completed in full

U.S. Bank Dealer Services
Attn: Dealer Set Up
1850 Osborn Ave
Oshkosh, WI 54902
Mail Code: MK-WI-FCDS

Date  1/20/12  ~~12-15-11~~

62556

Dealer AKA/DBA __Corpus Christi Subaru__

Legal Name of Dealer __Basin Subaru LLC__

Dealer Address __3615 S Padre Island Dr__ __Corpus Christi__ __TX__ Zip code __78415__
Street Address / City / County San Patricio (ps) / State / Zip code

Mailing Address If Different _____
Street Address / City / County / State / Zip code

Dealer Phone # __361 826 0630__

F & I Contact Name __Nathan Arn__

F&I Fax # __361 826 0628__    ACH Fax # __Same__

Manufacturer Dealer Code (GM = BAC / Volvo = Retailer Code) __400612__

INDIRECT LENDING   RAM # __05__   Name __Thno Nance__

CONSUMER FINANCE   RAM # __99 (ps)__   Name _____

Region/HUB: ☐ 02/MIDWEST  ☐ 03/REFI  ☐ 04 CLEVELAND  ☐ 05/ROCKFORD  ☐ 06/PORTLAND
☑ 11/SOUTHEAST          Branch # __2671__

Dealer Reserve Method  ☑ R =75/25   ☐ L =100%   ☐ S = Ohio, Michigan and select Indiana markets

(If applicable) Mega Dealer Name _____   Mega Dealer # _____

Risk Based Type  ☑ No disclosure will be generated   ☐ Two party contract-disclosure will be generated

☑ Confirm ACH DDSA form is completed with matching supporting documentation (canceled check or letter from bank)

Dealer  ☑ Approved  ☐ Denied   By __[signature]__   Date __1-30-12__

All of US serving you  1-23-12

Rev. 12.1.10



**INDIRECT
DEALER AGREEMENT**

This Dealer Agreement ("Agreement") is entered into between U.S. Bank, National Association ("U.S. Bank"), its affiliates, successors and assigns, and the undersigned dealer ("Dealer") and describes the rights and obligations between Dealer and U.S. Bank with respect to the purchase of motor vehicle retail installment sale contracts and lease contracts from Dealer by U.S. Bank.

1. **DEFINITIONS.**
   For purposes of this Agreement, the following terms shall have the meanings listed below:
   - "Agreement" means this Dealer Agreement, as amended from time to time pursuant to Section 10(g).
   - "Buyer" means the party or parties who purchase a Vehicle from dealer pursuant to a Retail Contract with Dealer, including any Co-Buyers.
   - "Contract" means a Lease Contract or a Retail Contract.
   - "Customer" means either a Buyer or Lessee.
   - "Lease Contract" means any lease contract entered between a Lessee(s) and Dealer with respect to a Vehicle.
   - "Lessee" means any party or parties who lease a Vehicle pursuant to a Lease Contract, including any Co-Lessees.
   - "Retail Contract" means any retail installment sale contract entered between a Buyer(s) and Dealer with respect to a Vehicle.
   - "U.S. Bank Reference Materials" means the Lease Reference Guide, Rate Sheets and other Dealer reference materials published from time to time by U.S. Bank.
   - "Supplemental Contract" means any extended service contract, credit insurance policy, prepaid maintenance agreement, gap loss protection agreement or other contract entered into by a Customer with respect to a Contract.
   - "Vehicle" means the new or used motor vehicle which is the subject of a Contract.

2. **SALE AND PURCHASE OF CONTRACTS.**
   a. **Documentation and Sale.** Before U.S. Bank's purchase of any Contract, Dealer shall furnish U.S. Bank with the transaction's proposed term, any Customer credit information, and such other information as U.S. Bank shall request. U.S. Bank's approval of a transaction shall be indicated by a Contract approval facsimile sent by U.S. Bank to Dealer. After the issuance of a Contract approval facsimile, Dealer shall procure documents specified by the effective U.S. Bank Reference Materials or by U.S. Bank's direction. Dealer shall forward the executed documents to U.S. Bank and such execution shall constitute a sale and assignment of all Dealer's right, title and interest in the Contract, in the Vehicle, and in any guaranty or other document in connection with the Contract. Delivery of the executed documents to U.S. Bank shall constitute such a sale and assignment to U.S. Bank even if Dealer fails to complete the assignment provision in the Contract. Dealer shall, upon U.S. Bank's request, execute any documents reasonably required to complete such sale and assignment. In the event of a conflict between the terms of any specific assignment and this Agreement, this Agreement shall control.

   b. **Purchase Price and Payment.** If documentation satisfactory to U.S. Bank is received within thirty (30) days of U.S. Bank's issuance of a Contract approval facsimile for the transaction, U.S. Bank will pay Dealer: (1) a sum agreed upon between U.S. Bank and Dealer, which purchase price shall not exceed the maximum amounts described in the current U.S. Bank Reference Materials; and (2) at U.S. Bank's option, the excess, if any, of the lease rate or finance charge provided in the Contract over a rate published from time to time by U.S. Bank. U.S. Bank reserves the right to make any check or draft jointly payable to Dealer and to any third party who either holds a security interest in the inventory assets of Dealer or who sold the Vehicle to Dealer.

   c. **Dealer Reserve.** Dealer may participate in U.S. Bank's Dealer Reserve Program subject to the terms and conditions set forth in the Dealer Reserve Addendum entered into between U.S. Bank and Dealer.

3. **SUPPLEMENTAL CONTRACTS.**
   Dealer may finance the sale of a Supplemental Contract to the Customer with respect to the Vehicle subject to the acceptability to U.S. Bank as specified in the U.S. Bank Reference Materials. If the cash price of a Supplemental Contract is amortized in connection with the Contract and such Supplemental Contract is canceled during the term of Contract, then the Customer shall be entitled to a refund of the unearned portion of the cash price as provided in the Supplemental Contract or as otherwise required by law, whichever provides for the greatest refund. As between U.S. Bank and Dealer, Dealer's liability under this Section 3 shall be limited to that amount Dealer collected and retained or otherwise received in connection with the sale of the Supplemental Contract. Dealer shall remit its portion of the refund to the Customer, U.S. Bank or appropriate third party within fifteen (15) days of cancellation as directed by U.S. Bank. Such refund may, if so provided in the Contract, be subject to U.S. Bank's security interest as assigned by Dealer.

m. The Contract is not and shall not be as of the time U.S. Bank becomes obligated to pay the purchase price for the Contract and Vehicle, if applicable, in default;
n. Dealer does not know of any fact not disclosed to U.S. Bank which indicates the uncollectability of the Contract;
o. Dealer acknowledges that U.S. Bank assumes no risk or liability with respect to a Vehicle or Contract for any event which occurs prior to U.S. Bank's purchase of such Vehicle and Contract;
p. The Vehicle delivered to the Customer, together with all accessories and options agreed by Dealer to be delivered with the Vehicle, is in good condition, has been accepted by the Customer and is the same vehicle as described in the Contract;
q. As directed by U.S. Bank, Dealer will file an application for title and registration for the Vehicle and submit it to the appropriate governmental agency showing U.S. Bank's interest in the Vehicle on or before twenty (20) days after the Customer receives possession of the Vehicle;
r. Dealer will file and record all documents necessary to perfect a valid and enforceable first priority security interest of U.S. Bank with respect to Vehicles subject to Retail Contracts and will send U.S. Bank the filing receipts;
s. The Vehicle is a U.S. specification vehicle and would not be considered a grey market or altered vehicle; and
t. Dealer has not sold the Customer any Supplemental Contract or similar product in connection with any Contract, unless approved by U.S. Bank.
u. All Dealer's negotiations with the Customer in connection with the review, discussion and execution of the Contract were conducted exclusively in the English language; and
v. Dealer has furnished U.S. Bank all credit information received by Dealer and verified identity with respect to the Contract and such information is true and complete and accurate; Dealer further warrants that the applicant(s) identified in the credit application submitted to the Dealer will be the only user(s) of the Vehicle, will be parties who make payments under the Contract, and such applicant(s) are not using their names, credit and employment histories, or insurance record to purchase any Vehicle for a third party.
w. The Vehicle was not repurchased by the manufacturer or any prior seller as a result of a lemon law claim, settlement, or action.
x. Dealer will furnish all U.S. Bank Credit Applicants the document "IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT"

8. **DEALER LIABILITY.**
   a. If a Dealer representation, warranty or covenant made in the assignment of a Contract to U.S. Bank is breached or is untrue or is alleged to be breached or untrue or should Dealer fail to perform any of its obligations to U.S. Bank under this Agreement, Dealer shall promptly pay upon receipt of U.S. Bank's demand, one or more of the following amounts at the election of U.S. Bank:
      (1) the unpaid balance of any Customer's liability in the event of early termination on any or all Contracts purchased hereunder, as determined by U.S. Bank less any applicable deposit, prepaid rental or similar sum or any Dealer Reserve not paid to Dealer in connection with said Contracts which U.S. Bank shall retain;
      (2) all losses and expenses incurred by U.S. Bank as a result of such breach or untruth or failure to perform; and
      (3) out-of-pocket expenses paid or incurred by U.S. Bank in connection with said Contracts with the collection of any amount due under any such Contract or Dealer's purchase of any Contract from U.S. Bank, including sales, use or other taxes, attorneys' fees and costs of litigation or administrative proceedings, whether by or against U.S. Bank, and expenses with respect to repossessing, storing, repairing and selling the Vehicle.
   b. Until the purchase price described in Section 8(a) above has been received by U.S. Bank, Dealer shall have no right, title or interest in either the Contract or the Vehicle. U.S. Bank shall have a security interest in the Contract and the Vehicle under the Uniform Commercial Code as security for the performance by Dealer of its obligations hereunder, and U.S. Bank and Dealer shall have the respective rights, remedies and obligations of a creditor and debtor with respect thereto. Dealer shall cooperate with U.S. Bank in perfecting such security interest, Dealer shall remain liable for any deficiency following disposition.

9. **TERM.**
   This Agreement shall become effective upon its execution by Dealer and subsequent acceptance by U.S. Bank and shall continue in force until terminated by either party. Either party may terminate this Agreement by sending to the other party notice of termination, certified mail return receipt requested, which shall be effective three (3) days after the mailing of such notice. Termination by either party shall not relieve the parties of their obligations set forth herein as to any Contract purchases by U.S. Bank from Dealer pursuant to this Agreement, except that insofar as there may be an agreement providing for Dealer Reserve, such agreement will likewise be terminated.

10. **GENERAL.**
    a. **Setoff.** U.S. Bank may deduct from any obligation or fund due Dealer any amount Dealer owes U.S. Bank.
    b. **Advertising.** Dealer agrees not to identify U.S. Bank in any advertising placed in any medium (including signs on Dealer's premises) without prior written approval from U.S. Bank.

IN WITNESS WHEREOF, this Agreement is executed as of this __15__ day of __Dec__, 20__11__.

**ACCEPTED:**

| U.S. BANK, N.A. | DEALER |
|---|---|
| By _[signature]_ | Firm Name __Basin Subaru LLC DBA Corpus Christi Suba__ |
| | If corporation, two authorized officers sign below |
| | Ronnie Lillard |
| Title __RM__ | By _[signature]_ Title __Member__ |
| | Officer, Partner, Owner |
| Date __1/20/12__ | By _____ Title _____ |
| | Officer, Partner, Owner |
| | Firm Address __3615 South Padre Island__ |
| | __Corpus Christi TX 78415__ |

### Appendix A – U.S. Bank Fair Lending Policy Statement

U.S. Bank is committed to lending fairness and fair lending practices, both in direct credit transactions and indirect credit transactions.

Federal fair lending laws and regulations expressly prohibit discrimination on the basis of race, color, religion, national origin, marital status, age (provided the applicant is of legal age to have the capacity to enter into a binding legal contract), sex, disability, familial status, receipt of public assistance, or the exercise in good faith of any right under the *Consumer Credit Protection Act* in any aspect of a loan transaction. These are commonly known as "prohibited bases."

State and federal laws governing unfair and deceptive trade practices prohibit engaging in practices that misrepresent or omit information that causes customers to be mislead as to the true nature of a product or service, or which cause substantial injury to a consumer.

Dealer will make U.S. Bank credit products available on a consistent and fair basis, provided the applicants meet our guidelines of safe and sound lending along with applicable credit policies and business focuses. Specifically, Dealer shall not discourage an applicant from applying for a U.S. Bank credit product based on a "prohibited basis" (as defined above).

Dealer shall represent U.S. Bank credit products in compliance with all laws and regulations prohibiting unfair and deceptive trade practices. Dealer will ensure that information provided to customers and applicants is complete and accurate, that all material product or service features are clearly and accurately disclosed, and that any complaints alleging unfair or deceptive practices are investigated and handled appropriately.

Dealer shall have policies and procedures, as necessary, to ensure compliance with both the technical requirements and spirit of this Fair Lending Policy Statement.

# RESOLUTION

_Basin Subaru LLC_
NAME OF ENTITY ("Company")

I, _Ronnie Lillard_ (name of individual), hereby certify that I am duly qualified, elected, and acting (as applicable) on behalf of Company to present this resolution of authority for Company. Company is a _LLC_ (type of entity) organized, validly existing, and in good standing under the laws of the State of _TX_.

WHEREAS, Company may enter into financial transactions or accommodations with U.S. Bank National Association or any of its affiliates (hereafter collectively referred to as "the Bank") from time to time;

NOW, THEREFORE, RESOLVED, that any one of the following individuals, or individuals filling the following positions, are Authorized Parties for purposes of this resolution of authority for Company (attach additional pages, if required):

| _Ronnie Lillard_ | _[signature]_ | _Member_ |
|---|---|---|
| (Name) | (Signature of Authorized Signatory) | (Title) |
| (Name) | (Signature of Authorized Signatory) | (Title) |
| (Name) | (Signature of Authorized Signatory) | (Title) |
| (Name) | (Signature of Authorized Signatory) | (Title) |

RESOLVED, that each of the above Authorized Signatories be, and he is hereby, authorized and empowered, in the name and behalf of the Company, to execute the U.S. Bank National Association Dealer Agreement, Dealer Reserve Addendum, ACH Funding Documents, and any other documents in connection with any transactions between the Company and U.S. Bank National Association. The signature (or other type of authentication) of said Authorized Party appearing on any of the foregoing instruments shall be conclusive evidence of Authorized Party's approval.

FURTHER RESOLVED, that the authority granted to the Authorized Parties of Company shall continue in full force and effect, and the Bank may rely thereon in dealing with such Authorized Party, unless and until written notice of any change in or revocation of such authority shall be delivered to the Bank to the attention of U.S. Bank – Dealer Setup • 1850 Osborn Avenue • Oshkosh, WI 54902, and any action taken by an Authorized Party and relied on by the Bank pursuant to the authority granted herein prior to its' receipt of such written notice shall be fully and conclusively binding on Company.

I HEREBY CERTIFY that the foregoing resolutions (i) are true and correct copies of the resolutions duly adopted in accordance with the law and the applicable governing documents of Company, (ii) that such resolutions are now in full force and effect without modifications and are duly recorded with Company in accordance with applicable governing documents, and (iii) that such resolutions permit the Authorized Parties designated herein to undertake all the activities set forth above.

I FURTHER CERTIFY that any copies of the applicable governing documents of Company, as requested by the Bank, have heretofore been delivered to the Bank or which are delivered herewith are true and correct copies and that they are presently in full force and effect.

IN WITNESS WHEREOF, I represent that I am:

☐ Secretary  ☐ Partner  ☒ Member/Manager  ☐ (Other – list official capacity) _____

and have affixed my name in my official capacity on _12-15-11_.
(Date)

[Notary Seal: TAMMY R. BRANDSTETTER, MY COMMISSION EXPIRES October 22, 2013]

X _[signature]_
X _____
X _____

Rev. 12.1.10